UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA RUNDMAN, Personal Representative
of the ESTATE OF TYLER JAMES
HARTZELL,

    Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, et al.,

    Defendants.
_____/

Case No. 1:20-cv-860

Hon. Hala Y. Jarbou

## OPINION

This a diversity action seeking recovery of insurance benefits under two separate insurance policies, one issued by Defendant Allstate Fire and Casualty Insurance Company ("Allstate Fire"), and one issued by Defendant Allstate Property and Casualty Insurance Company ("Allstate Property"). Plaintiff Lisa Rundman is the mother of Tyler James Hartzell. Tragically, Hartzell died in an automobile accident on April 23, 2019. She brings this claim on behalf of his estate. Both defendants filed a motion for summary judgment (ECF No. 20) and Allstate Fire subsequently filed a motion to dismiss for failure to state a claim (ECF No. 25). For the reasons herein, the Court will grant Defendants' motions in part, dismissing Allstate Fire.

### I. BACKGROUND

Rundman and her husband live in Constantine, Michigan. Hartzell grew up in their household and continued living with them intermittently as an adult. Allstate Fire issued them an automobile insurance policy. They added Hartzell to the policy as a "listed driver" when he turned 16 years old, and he remained listed as such until his death at the age of 20.

Rundman alleges that Hartzell moved out of her home on three separate occasions for brief periods of time before returning home again.  He moved back into her home a third time in October 2018.  A few months later, the family acquired a 1999 GMC Yukon for Hartzell to drive.  Rundman added this vehicle to the Allstate Fire policy on January 16, 2019.

On January 27, 2019, Hartzell moved to North Carolina, renting a cabin at a campground and obtaining local employment.  He took the Yukon and some of his belongings with him.  He left many of his household goods at Rundman's house, including a bed, a table and chairs, end tables, lamps, appliances, tools, dressers, pots, pans, and dishes.  Also, Rundman and her husband continued to provide some support for Hartzell, buying groceries for him, paying utility bills, and making payments on his motorcycle.

In late February 2019, Hartzell allegedly told his landlord that he intended to move back to Michigan because he was homesick.  She allegedly agreed to let him out of his lease and later refunded some of his rent.  On March 18, 2019, Hartzell texted his mother, telling her "I'm coming home . . . .  I just don't belong here[.]  It will be a w[h]ile before I come but I just wanna go home[.]"  (Text message, ECF No. 28, PageID.326.)

In late March, Hartzell's Yukon broke down, so he took over payments on his friend's Nissan Xterra.  On March 27, Rundman dropped the Yukon from her policy with Allstate Fire.

On March 29, 2019, Hartzell obtained a North Carolina driver's license.  The following day, he obtained insurance from Allstate Property to cover the Xterra.

Hartzell apparently received his rent refund check on April 15, 2019, packed his belongings into the Xterra, and then drove to Rundman's home in Michigan.  He stayed there for a week but then returned to North Carolina on April 22, 2019, allegedly to finish a workweek and pick up some paychecks.  Hartzell died in an automobile accident in North Carolina on April 23, 2019,

2

while riding as a passenger in a vehicle driven by his friend. That vehicle (driven by Hartzell's friend) was insured by State Farm Insurance. Apparently, the other driver involved in the accident was insured by Geico Insurance Company. Geico and State Farm each tendered their respective policy limits of $30,000, a total of $60,000, to Hartzell's estate. (*See* Compl. ¶ 41, ECF No. 2-1.)

Rundman now seeks to recover on behalf of Hartzell's estate under the policies issued by Allstate Fire and Allstate Property to pay for Hartzell's medical and funeral expenses. Specifically, Rundman relies on coverage provided by the policies for personal injury (or medical payments) and for underinsured motorists. For the most part, Defendants have apparently denied or refused to pay the claims by Hartzell's estate. Count I of the complaint seeks a declaration as to the priority of coverage between the insurance policies. Count II seeks recovery of "no fault" benefits. (*See* Compl., ECF No. 2-1, PageID.37.) Count III seeks recovery of "underinsured motorist" benefits. (*Id.*, PageID.39.)

On September 22, 2020, the parties consented to dismissal of Plaintiff's claim against Allstate Property for underinsured motorist benefits. (*See* Consent Order, ECF No. 11.)

Both Defendants have filed a joint motion for summary judgment (ECF No. 20), contending that Hartzell's estate has already received that to which it is entitled under the policies. Allstate Fire has also filed a motion to dismiss the complaint for failure to state a claim (ECF No. 25).

## II. STANDARDS

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Assessment of the complaint under Rule 12(b)(6) must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). Here, Allstate Fire's motion relies on the pleadings and records already part of the case due to Defendants' motion for summary judgment.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Courts consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 679 (6th Cir. 2013). The Court must determine "whether the evidence presents a sufficient

4

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### III. ANALYSIS

**A. Allstate Property**

Allstate Property seeks summary judgment. Allstate Property's policy provided up to $1,000 in coverage for "expenses incurred for necessary medical and funeral services because of bodily injury[.]" (Allstate Property Policy, ECF No. 20-2, PageID.173.) Allstate Property contends that it tendered a check to Hartzell's estate for $1,000. (*See* Check, ECF No. 20-6.) Plaintiff asserts that she did not receive this check (*see* Pl.'s Answer to Allstate Fire's Mot. to Dismiss 9, ECF No. 29). Allstate Property has not provided evidence that it sent the check to Hartzell's estate; it has merely provided a copy of the original check. Viewed in a light most favorable to Plaintiff, this evidence does not suffice to show that Allstate Property paid $1,000 to Hartzell's estate. Thus, it is not clear whether Allstate Property has fulfilled this coverage obligation under its policy.

Allstate Property's policy also provided up to $50,000 in coverage for "compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of . . . [b]odily injury sustained by an insured and caused by an accident[.]" (Allstate Property Policy, PageID.177.) This amount is reduced by "all sums . . . [p]aid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible[.]" (*Id.*, PageID.179.) It is not disputed that Hartzell's estate received payment of more than $50,000 from State Farm and Geico. Accordingly, after accounting for those payments, Allstate Property is not liable for further payment of compensatory damages to Plaintiff. It is only liable for the $1,000 discussed in the previous paragraph. Because a question of fact remains as to whether

Allstate Property has paid or properly tendered this amount to Hartzell's estate, the Court will not grant summary judgment to Allstate Property.

### B. Allstate Fire

Allstate Fire seeks summary judgment and dismissal for failure to state a claim.

Allstate Fire's policy provided coverage for medical and funeral expenses resulting from bodily injury to an injured person, also known as "personal protection insurance benefits" in Michigan and identified as such in the policy. (*See* Allstate Fire Policy, ECF No. 20-3, PageID.208.) Under Michigan law, these benefits apply to "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household[.]" Mich. Comp. Laws § 500.3114(1); *see also* Mich. Comp. Laws § 500.3111 (extending personal protection insurance benefits to relatives "domiciled in the same household" as a named insured, when the accident occurs outside of Michigan). Rundman argues that Hartzell's estate is entitled to recover under Allstate Fire's policy because Hartzell was a relative of Rundman domiciled in her household at the time of the accident.

Allstate Fire raises three objections to coverage in its motion to dismiss and motion for summary judgment. First, it contends that Hartzell does not qualify as a relative who was domiciled in the same household as Rundman because he was living in North Carolina at the time of the accident. Second, it contends that an "anti-stacking" provision in its policy precludes Hartzell's estate from recovering benefits. Third, it contends that Hartzell's own policy with Allstate Property had priority and, under Michigan law, his estate could not recover from both Allstate Property and Allstate Fire.

The Court will address only the third issue because it disposes of the claim against Allstate Fire. Mich. Comp. Laws § 500.3114 provides that when

> personal protection insurance benefits . . . are payable to or for the benefit of an injured person *under his or her own policy* and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the *injured person's insurer shall pay all of the benefits* up to the coverage level applicable . . . to the injured person's policy, and is not entitled to recoupment from the other insurer.

Mich. Comp. Laws § 500.3114(1) (emphasis added).

Here, it is undisputed that Hartzell was insured under his own policy with Allstate Property. Although Allstate Fire's policy identified Hartzell as a "listed driver," that identification did not render him a "named insured" insured under that policy. *See Auto-Owners Ins. Co. v. Morse*, No. 334848, 2017 WL 6346101, at \*2 (Mich. Ct. App. Dec. 12, 2017). At most, Hartzell could claim benefits under Allstate Fire's policy as a relative of Rundman, domiciled in her household. Accordingly, under Mich. Comp. Laws § 500.3114(1), he was only entitled to recover under his own policy, issued by Allstate Property. His estate is not entitled to additional benefits from the policy of his mother and stepfather, issued by Allstate Fire. *See Progressive Mich. Ins. Co. v. Citizens Ins. Co. of Am.*, No. 298331, 2011 WL 6268207, at \*2 (Mich. Ct. App. Dec. 15, 2011) (noting that "[t]he plain and unambiguous language of MCL 500.3114(1) indicates that if an injured person has [personal injury] coverage pursuant to 'his or her own policy,' the injured person's insurer is solely responsible for the payment of [personal injury] benefits").

Rundman apparently contends that Allstate Property's policy did not provide personal injury or personal protection insurance benefits, and thus it does not satisfy the limitation in Mich. Comp. Laws § 500.3114(1). She provides no argument or analysis to support this contention. Indeed, it is not disputed that Allstate Property's policy provided coverage for Hartzell's bodily injuries. On its face, that is all the statute requires. *See* Mich. Comp. Laws § 500.3114(1) (noting that "a personal protection insurance policy . . . applies to accidental bodily injury to the person

7

named in the policy . . . if the injury arises from a motor vehicle accident.") Thus, Rundman's argument is meritless.

## IV. CONCLUSION

In summary, there is no genuine dispute of material fact that (1) Allstate Property's policy had priority; (2) Allstate Property is liable for only $1,000 in benefits; and (3) Hartzell's estate is not entitled to benefits from Allstate Fire.

The only remaining question is whether Allstate Property has fulfilled its obligation to pay the $1,000 in benefits. Accordingly, the Court will grant Defendants' motions for dismissal and summary judgment in part, dismissing Allstate Fire. Allstate Property remains a defendant only because it is unclear whether it paid the $1,000 in benefits to Hartzell's estate. Viewed in a light most favorable to Rundman, Allstate Property's evidence does not require a jury to infer that it paid Hartzell's estate $1,000.

An order will enter in accordance with this Opinion.


Dated:  May 13, 2021                          /s/ Hala Y. Jarbou
                                              HALA Y. JARBOU
                                              UNITED STATES DISTRICT JUDGE